HOUSTON, Justice
(concurring specially).
This action was filed on May 5, 1986; therefore, we must use the “scintilla of evidence” rule in determining whether the trial court erred in granting Dr. Collins’s motion for summary judgment. Was there a scintilla of evidence to support the Schells’ theory of recovery against Dr. Collins, which was that Dr. Collins failed to properly place metallic clips on Ms. Schell’s common bile duct during the cholecystecto-my? Dr. Collins, in his affidavit, stated that at no time did he place any clips of any .type in the body of Ms. Schell during the surgical procedure. This is not contradicted. Likewise, it is not contradicted that Dr. Collins was not Ms. Schell’s surgeon, but assisted Ms. Schell’s surgeon.
The following facts are not disputed: The Thomas Hospital, where the surgery was performed, has a requirement that two physicians be present for all surgery. Dr. Collins and Ms. Schell’s surgeon were the only general surgeons on the staff of that hospital, and one normally acts as the assistant when the other operates on a patient. Prior to the operation, Dr. Collins knew nothing about Ms. Schell’s case other than her name and the procedure to be performed. He had not reviewed her chart, nor is it normal for an assisting surgeon to do so. The first time Dr. Collins saw Ms. Schell was in the operating suite on the morning of her surgery. During the procedure, the operating surgeon did not ask Dr. Collins to confirm the location of the cystic or common duct. The operating physician did not make any comments as to the progress of the procedures as he went along. The operating surgeon made the identification of the cystic and common ducts without requesting assistance from Dr. Collins. The operating surgeon did not verbalize the identification of normal anatomy. Dr. Collins was on the left side of the patient, holding back lap packs on the viscera with two retractors. The incision was on the patient’s right side. The juncture of the cystic and common ducts was not visible to Dr. Collins as the assisting surgeon. Dr. Collins never *953 viewed either the common duct or the cystic duct during Ms. Schell’s surgery. There were no problems with exposure of the field during the operation.
Ms. Schell’s medical expert, Dr. Bussey, had reviewed Ms. Schell’s medical records. I have examined these medical records and I find that Dr. Collins’s name appears only twice, and both times it is with the word “assistant.” Dr. Bussey examined Ms. Schell; however, insofar as Dr. Collins’s liability is concerned, I cannot see what his examination would have revealed. Even so, Dr. Bussey in his affidavit states:
“In his capacity as an assistant surgeon it was as much Dr. Collins’ responsibility as [the operating surgeon’s] to: properly identify the anatomical structures essential to the proper and safe performance of a cholecystectomy; to perform the tests necessary to properly visualize and identify these anatomical structures; to prevent obstruction and any other kind of damage to the common bile duct; to promptly identify any anatomical damage occurring during the surgery and properly correct this damage in order to minimize the injury, the need for subsequent treatment, and the life threatening consequences of the injury.”
Dr. Collins admits that if an assistant surgeon sees something occur that would harm the patient, he should call this to the attention of the operating surgeon; however, during her operation, he did not see anything that would harm Ms. Schell.
Is the responsibility of an assistant surgeon a question of law or of fact? The determination as to the existence vel non of a duty resting upon a defendant is always an issue of law for the trial court and never one for the jury. Alabama Power Co. v. Dunaway, 502 So.2d 726, 731 (Ala.1987).
An assistant surgeon holds a duty to a patient to exercise such reasonable care, diligence, and skill as assistant surgeons in the same general neighborhood ordinarily have and exercise in a like case. Ala.Code 1975, § 6-5-484. This Court has defined “same general neighborhood” as the national medical neighborhood or national medical community of reasonably competent physicians acting in the same or similar circumstances. Drs. Lane, Bryant, Eubanks & Dulaney v. Otts, 412 So.2d 254 (Ala.1982). Dr. Bussey gave expert medical testimony as to what is proper practice for an assistant surgeon. In doing so, he places a higher responsibility on Dr. Collins, as an assistant surgeon in this case, than does the surgeon who performed the surgery, but under our scintilla of evidence rule this made a fact question as to what is “such reasonable care, diligence and skill” as an assistant surgeon would ordinarily have and exercise in a like case.
Therefore, summary judgment was inappropriate.